UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAIVE STEWART | CIVIL ACTION |
| VERSUS | NO: 09-7247 |
| RSC RENTAL CORPORATION | SECTION: "C" (5) |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment by Defendant RSC Equipment Rental, Inc. ("RSC"). (Rec. Doc. 20).[1] The motion is before the Court on the briefs without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court DENIES RSC's motion for the following reasons.

**I. Background**

Plaintiff Jaive Stewart ("Stewart") was terminated for his job with RSC in February, 2007. On May 25, 2007, Stewart filed a Charge of Discrimination against RSC with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation and discrimination on the basis of race and color. (Rec. Doc. 20-2 at 1).

The EEOC mailed Stewart a Right to Sue letter on August 3, 2009, but prior to its mailing Stewart had changed his address, and did not receive the letter until "about August 26, 2009." (Rec. Doc. 20-2 at 3). Stewart filed his Complaint in this matter on November 10, 2009, ninety-nine days

---

[1] Resolution of this Motion also resolves the previously filed Record Document 10.

after the notice was mailed, and approximately seventy six days after its receipt. (Rec. Doc. 1).

RSC brings this motion to dismiss arguing that this Court does not have jurisdiction to consider Stewart's complaint because it was not filed within ninety days of the mailing of the Right to Sue letter.

Stewart contends that he orally informed the EEOC of his updated address, and therefore the time period for filing the complaint should be tolled.

## II. Law and Analysis

*a. Standard of Review*

When considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face"; the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir.2004).

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*,

784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

b. *Title VII Time Limits*

Under Title VII of the Civil Rights Act of 1964, claimants have ninety days after the receipt of a right to sue letter in which to file their complaint. 42 U.S.C. § 2000e-5(f)(1). The Fifth Circuit has held that "Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). An earlier case further held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1250 (5th Cir. 1247).

It is apparent that the EEOC gave notice to the claimant at an address designated by him.

3

It remains to be determined whether his relocation is an equitable reason to toll the statute. RSC argues it is not, because Stewart was provided notice that he was required to advise the EEOC if he changed his address. (Rec. Doc. 20-1 at 7).

Stewart, in his opposition to the instant motion, supplied a signed declaration in which he states unequivocally that after his PO Box address expired he "put up a mailbox in front of my house, went to the EEOC office, and orally have my new address to a tall African-American lady who wrote it down." (Rec. Doc. 25-4 at 1). Although there are later portions of the declaration that RSC complains are "equivocal" (Rec. Doc. 32-2 at 5), the crucial assertion is made with certainty.

For the purposes of the motion to dismiss, the Court will give credence to Stewart's assertion that he attempted to personally notify the EEOC of his new address prior to the mailing of his Right to Sue letter, and that the update never made it into his file. The Fifth Circuit has held that "[w]here . . .it is shown that the claimant through no fault of his own has failed to receive the suit letter . . . the delivery of the letter to the mailing address cannot be considered to constitute statutory notification." *Franks v. Bowman Transportation Co.,* 495 F.2d 398 (5th Cir.1974), rev'd on other grounds, 424 U.S. 747 (1976). The same logic applies in the instant dispute. Assuming as we are that Stewart attempted to notify the EEOC of his change of address, the delay in its receipt cannot be attributed to him.

RSC has acknowledged that the Courts presume a maximum mailing timing of 7 days, and that the EEOC letter was metered on August 4, 2009. (Rec. Doc. 20-1 at 6); *Taylor*, 296 F.3d at 379. Therefore, it can be presumed that the letter arrived at Stewart's *former* address at the latest ninety-one days before he filed his complaint. The Court must assume that rerouting to his new address would take at least the one extra day of tolling that Stewart needs to meet the statutory requirement.

4

Furthermore, if Stewart did, in fact, update his address, then the initial letter was *not* mailed to "the address designated by him," in which case he had a full ninety days from receipt to file his complaint. As such, RSC's Motion to Dismiss is DENIED.

To the extent RSC brings its Motion for Summary Judgment in the alternative, there are factual issues in dispute regarding Stewart's attempts to update his address that make such a motion premature. That motion is similarly denied.

Accordingly,

IT IS ORDERED that RSC's Motion to Dismiss or, in the alternative, Motion for Summary Judgment, is DENIED.

New Orleans, Louisiana, this 17th day of May, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**