## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JAIVE T. STEWART**                                          **CIVIL ACTION**

**VERSUS**                                                          **NO. 09-7247**

**RSC RENTAL CORPORATION**                          **SECTION: "C" (5)**

<u>**ORDER AND REASONS**</u>[1]

    Before the Court is a Motion for Summary Judgment, filed by defendant RSC Equipment Rental, Inc. (erroneously captioned as RSC Rental Corporation) ("RSC").  (Rec. Doc. 83).  Plaintiff Jaive T. Stewart ("Stewart") opposes the motion.   (Rec. Doc. 129).   Having reviewed the memoranda of the parties, the record in the case, and the applicable law, the Court GRANTS the motion for the following reasons.

## I. <u>BACKGROUND</u>

    Stewart worked as an Inside Sales Representative at RSC from May 15, 2006 until February 28, 2007.  (Rec. Doc. 18 at 1).  RSC management reprimanded Stewart's work performance by giving him written Performance Improvement Notices ("PIN") on July 6, July 19, and September 29, 2006.  (Rec. Doc. 83-30 at 17).  Stewart claims that these PINs were a pretext, and that RSC management retaliated against him because of his alleged accusations of discrimination by RSC. (Rec. Doc. 129 at 7). On February 28, 2007 Stewart's employment at RSC was terminated after an

---

[1]Greg Feeney, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this order.

alleged confrontation with his supervisor.  (Rec. Doc. 83-2 at 16).

Stewart originally filed a complaint of retaliatory harassment and retaliatory discharge under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).  (Rec. Doc. 1).  He subsequently amended the complaint to include a failure to promote claim (Rec Doc. 8 at 2), and he has abandoned the retaliatory harassment claim.  (Rec. Doc. 129 at 6).

 In response, RSC claims that Stewart never made any complaints about discrimination. (Rec. Doc. 83-2 at 24).  RSC points to the letter Stewart sent to the RSC Human Resource Department on October 4, 2006 in which Stewart does not refer to any racial discrimination by RSC. (Rec. Doc. 83-21 at 2).  Also, RSC argues that they terminated Stewart's employment in accordance with the company policy that "termination of employment may occur when . . . You violate a rule or policy for which you have received a second Written Warning Notice within the previous 12 months. [or] . . . During any 12-month period, you receive a combination of three written warning notices for violating any rules(s)."  (Rec. Doc. 83-2 at 6).  Additionally RSC argues that Stewart did not receive any promotions during his employment because the PINs he received made him ineligible for promotion.  RSC has a policy that employees are eligible for internal job opportunities provided that they have not had any written documentation of poor performance within the last 6 months.  (Rec. Doc. 83-2 at 4-5).

## II. Law and Analysis

### a. Standard of Review

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine issue of fact exists if the evidence is such that a reasonable jury could return

a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### b. Retaliatory Discharge

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the Supreme Court established a burden shifting framework to analyze discrimination cases which can only be proven by circumstantial evidence. This *McDonnell Douglas* framework applies to Title VII unlawful retaliation cases. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). The initial burden falls to the plaintiff to make a *prima facie* case of retaliatory discharge. *Id.* If the plaintiff meets this burden, then the defendant must put forth a legitimate, non-discriminatory reason for the

3

termination of employment. *Id.* Finally, the plaintiff bears the ultimate burden of showing that the defendant's explanation is pretext. *Id.*

To make a *prima facie* case of retaliation under Title VII, a plaintiff must show: (1) that the plaintiff engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action. *Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). Summary judgment is appropriate if the plaintiff cannot support all three elements. *Stewart v. Miss. Transp. Comm'n.*, 586 F.3d 321, 331 (5th Cir. 2009). Stewart is neither able to show that he engaged in any protected activity nor demonstrate a causal link between a protected activity and his employment termination. Thus summary judgment is proper.

An employee has engaged in an activity protected by Title VII if he has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C.A. § 2000e-3(a) (West 2011). The "participation clause" is irrelevant because Stewart did not file a complaint with the EEOC until after his discharge from RSC. *Byers*, 209 F.3d at 428. To satisfy the "opposition clause" Stewart must show that he reasonably believed that RSC was engaged in unlawful employment practices. *Id.* It is an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1) (West 2011). Although informal complaints may constitute protected activity, not all abstract grumblings or vague impressions of discontent are actionable as complaints. *Hagan v. Echostar Satellite*, 529 F.3d 617, 626-27 (5th Cir. 2008).

4

Stewart alleges that the protected activity he engaged in consisted of his accusations of discrimination. (Rec Doc 129).  Specifically he alleges he made statements that RSC had "one set of rules for them and one for me."  (Rec. Doc. 129-1 at 11).  However there is no evidence that Stewart made these statements except for Stewart's own conclusory allegations.  Also, these statements would not rise to the level of informal complaints because Stewart does not produce any evidence to show that he reasonably believed he was opposing an unlawful employment practice. Stewart only was voicing discontent with standard tasks that he was assigned.  Additionally, Stewart had opportunities to formally voice his concern about discrimination.  Yet, in his October 4, 2006 letter to the RSC Human Resource Department, Stewart did not make any assertion of racial discrimination by RSC.  (Rec. Doc. 83-21 at 2). Thus Stewart does not raise an issue as to whether he engaged in an activity protected by Title VII.

Further, Stewart does not show a causal connection between his alleged protected activity and his employment termination.  Stewart points to the fact that, "close timing between an employee's protected activity and an adverse action may provide the causal connection required for a *prima facie* case." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).  However temporal proximity can only satisfy the causation element when the protected act and the adverse employment action are "very close" in time. *Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)).  Stewart's alleged protected activity occurred in July 2006, but Stewart continued to work at RSC for seven months. Due to this period of time, Stewart is unable to produce any evidence showing a connection between his alleged statement and his eventual discharge.

Finally, even if Stewart had made a *prima facie* case, RSC produced a legitimate,

nondiscriminatory reason for the termination of Stewart's employment.  RSC has produced evidence showing that Stewart received three PINs for poor performance on the job and that Stewart had contradicted his supervisor the day before his termination.  (Rec. Doc. 83-30 at 17).  "Employers are sometimes forced to remove employees who are performing poorly, engaging in improper work conduct, or severely disrupting the workplace."  *Strong v. Univ. Healthcare Sys., LLC,* 482 F.3d 802, 808 (5th Cir. 2007).  Insubordination is a sufficient nondiscriminatory reason for removal of an employee.  *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001).

Thus, to withstand summary judgment, Stewart would have to show a genuine issue of material fact as to whether RSC's explanation was pretextual.  *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 317 (5th Cir. 2007).  To raise an inference of pretext in the face of an employer's nonretaliatory explanation, a plaintiff "must produce substantial evidence of pretext."  *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402-03 (5th Cir. 2001).  Pretext may be established "by showing that a discriminatory motive more likely motivated [an] employer's decision, such as through evidence of disparate treatment, or that [the employer's] explanation is unworthy of credence."  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

Stewart does not meet his burden of showing that the reasons given by RSC for Stewart's discharge were pretext.  Stewart simply alleges in his opposition that the PINs were pretext.  There is no evidence produced to support these conclusory allegations.  In fact, several customers of RSC specifically support RSC's position that Stewart received the PINs for poor performance.  Wanda Ballard explained that she was extremely dissatisfied with Stewart's customer service (Rec. Doc. 83-15 at 1), and Steve Morris stopped dealing with Stewart because of Stewart's repeated mistakes.  (Rec. Doc. 83-17 at 5).  Thus, Stewart fails to meet his ultimate burden of showing that his

employment termination from RSC was in retaliation for his alleged complaints of racial discrimination.

### c. Discriminatory Failure to Promote

Stewart's failure to promote claim fails as a matter of law because it was untimely filed. Under Title VII of the Civil Rights Act of 1964, claimants have ninety days after receipt of their EEOC right-to-sue letter in which to file a civil action complaint. 42 U.S.C. § 2000e-5(f)(1). This ninety day limitation is strictly construed, and claims filed beyond the deadline will be dismissed. *Taylor v. Books a Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002). Stewart first raised the failure to promote claim in his first amended and supplemental complaint, which was filed February 10, 2010, seventy-six days after the ninety day deadline had passed. (Rec. Doc. 18).

Stewart argues that the failure to promote claim should be allowed because it relates back to his original claim filed on November 10, 2009. (Rec. Doc. 129 at 7). "An amendment to a pleading relates back to the date of the original pleading . . . when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, "the amended complaint will not relate back if it asserts new or distinct conduct, transactions, or occurrences as the basis for relief." *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 863 (5th Cir. 1993). Further, "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). It follows that Stewart's failure to promote claim involves a separate actionable unlawful employment practice than the original claims. Also the failure to promote claim involves distinct alleged conduct by RSC, including Stewart's assertion that RSC did

not promote him because of his race.  Thus,  the failure to promote claim does not relate back, and it  must be dismissed as untimely.

Even if the claim is allowed, it does not survive summary judgment.  Discriminatory failure to promote claims are analyzed under the same *McDonnell Douglas* framework as retaliation claims. *Grimes v. Texas Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir. 1996).  To make a prima facie case, the plaintiff must show: (1) he was a member of a protected class, (2) he sought and was qualified for an available position, (3) he was rejected for that position, and (4) the employer continued to seek applicants with his qualifications. *Id.*

Stewart was not qualified for promotion because of the PINs he had received.  RSC's company policy provides that only employees with no PINs within the last six months are eligible for internal promotion.  (Rec. Doc. 83-2 at 4-5).  Thus, under the *McDonnell Douglas* framework, Stewart can only avoid summary judgment by producing evidence that the PINs were pretext.  For the same reasons stated in the retaliatory discharge analysis, Stewart does not meet his burden of producing evidence to show that the PINs were pretext, and summary judgment is proper.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Rec. Doc. 83)  is GRANTED.

New Orleans, Louisiana, this 17th day of June, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**